**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00222-RM-NYW

SMART-TEL COMMUNICATIONS, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

ADVANCED COMMUNICATIONS &
MAINTENANCE, a Florida limited liability company and
KEVIN WADE TAYLOR, a resident of the state of Florida,

      Defendants.

---

**MINUTE ORDER**

---

Entered By Magistrate Judge Nina Y. Wang

      This matter is before the court on Defendants' Unopposed Motion to Stay Proceedings Pending the Court's Ruling on Defendants' Motion to Dismiss (the "Motion"). [#14, filed March 14, 2016]. The matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated February 4, 2016 [#7] and the memorandum dated March 14, 2016 [#15].

      On February 19, 2016, Defendants filed a "Motion to Dismiss or, Alternatively, to Transfer Venue," pursuant to Fed. R. Civ. P. 12(b)(2), contending this court lacks personal jurisdiction over them. [#11]. Plaintiff filed a Response on March 11, 2016. [#13]. Defendants now ask the court to stay this matter pending the court's resolution of the Motion to Dismiss. "A stay of all discovery is generally disfavored in this District," although the court retains discretion to order a stay, which may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. Jun. 6, 2007) (citations omitted). When exercising its discretion, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citation omitted).

In the instant Motion, Defendants assert only that "[m]eeting the Rule 16(b) deadlines, including the discovery requirements, places an unnecessary burden and causes Defendants unnecessary legal expenses," and that they "should not be required to engage in extensive legal research, analysis, or fact discovery prior to being required to file a responsive pleading." [#14 at 2]. As noted above, the Motion to Dismiss is filed pursuant to Rule 12(b)(2), through which parties may contest personal jurisdiction. The Motion to Dismiss does not suggest deficiency of federal subject matter jurisdiction, indeed it contemplates a potential transfer of venue, and Defendants do not suggest that a favorable ruling will dispose of this matter in its entirety. *Cf. String Cheese Incident, LLC*, 2006 WL 894955, at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Gilbert v. Ferry,* 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction). Accordingly,

**IT IS ORDERED**:

1. The Unopposed Motion to Stay Proceedings Pending the Court's Ruling on Defendants' Motion to Dismiss [#14] is **GRANTED IN PART** and **DENIED IN PART**;

2. The Scheduling Conference set for March 16, 2016 is VACATED and reset for **April 20, 2016 at 2:00 pm** in Courtroom C-204, 2d Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. An updated proposed Scheduling Order is due not later than **April 13, 2016**, and a courtesy copy in Word format will be submitted directly to chambers at Wang_Chambers@cod.uscourts.gov; and

3. Defendants shall participate in drafting the Joint Proposed Scheduling Order due seven days prior to the Scheduling Conference; the court will interpret any failure to so participate as a waiver of objection to the proposals contained therein.

DATED: March 15, 2016